UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paris Nicole Smith,

                                                  Case No. 15-cv-12724

                Petitioner,

                                                  Judith E. Levy
v.                                                 United States District Judge

Anthony Stewart,                  Mag. Judge Anthony P. Patti

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF <u>APPEALABILITY</u>**

Michigan state prisoner Paris Nicole Smith ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, challenges her convictions for attempted murder, M.C.L. § 750.91, arson-preparation to burn property with a value of $20,000 or more, M.C.L. § 750.77(1)(d)(i),

larceny with a value of more than $1,000 but less than $20,000, M.C.L. § 750.356(3)(a), and stealing or retaining a financial transaction device without consent, M.C.L. § 750.157n(1), on the ground that the trial court abused its discretion in ruling that a *res gestae* witness was unavailable and that his absence would not prejudice the defense. For the reasons discussed, the petition is denied.

I.  **Background**

Petitioner's convictions arise from the unauthorized withdrawals of money from several bank accounts belonging to her great-grandparents, and from the spreading of lighter fluid in her great-grandparents' home during the early morning hours of January 7, 2011, just one day after inconsistencies in the bank accounts were discovered.

Immediately before trial, Petitioner pleaded guilty to the charges of larceny and theft of a financial transaction device. *People v. Smith*, No. 312481, 2013 WL 6670840, *1 n.1 (Mich. Ct. App. Dec. 17, 2013). Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of attempted murder and arson-preparation to burn property with a value of $20,000 or more. *Id.* On August 15, 2012, Petitioner

was sentenced to eighteen to forty years' imprisonment for the attempted murder conviction, six to ten years' imprisonment for the preparation-to-burn-property conviction, three to five years' imprisonment for the larceny conviction, and thirty months to four years' imprisonment for the stealing-or-retaining-a-financial-transaction-device conviction. (Petition, Dkt. 1 at 1.)

Petitioner filed an appeal in the Michigan Court of Appeals arguing that the trial court abused its discretion in allowing the prosecution to delete from its witness list a *res gestae* witness based upon the witness's poor health. (*Id.* at 2.) On December 17, 2013, the Michigan Court of Appeals affirmed Petitioner's convictions. *Smith*, 2013 WL 6670840 at *1. On July 29, 2014, the Michigan Supreme Court denied application for leave to appeal. (*Id.* at 2-3); *People v. Smith*, 496 Mich. 864 (Mich. 2014).

On July 30, 2015, Petitioner filed this petition for habeas corpus, challenging her conviction because she was deprived her Sixth Amendment right to compulsory process and her Fourteenth Amendment right to due process when the trial court refused to compel

3

the appearance and testimony of the *res gestae* witness, Harvard Gardner, who she asserts was to have provided exculpatory evidence.

## II. Legal Standard

Petitions for habeas corpus are evaluated under heightened pleading standards, and the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing Section 2254 Cases in the United States District Courts). *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). Rule 4 permits *sue sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

The statute governing petitions for writs of habeas corpus, 28 U.S.C. § 2254, provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that

5

principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citing *Lokyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 409). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

> Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal . . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

6

*Id.* at 786-87 (internal quotation omitted).

The state court need not have cited to Supreme Court precedent or even demonstrated awareness of Supreme Court precedent to have arrived at a decision precluding habeas review. *Early v. Packer*, 537 U.S. 3, 8 (2002). Rather, section 2254(d) only requires that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.* A habeas court may review the decisions of lower federal courts "in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Finally, the state court's factual determinations carry the presumption of correctness. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Analysis

This petition concerns the trial court's ruling that a *res gestae* witness, Harvard Gardner, was unavailable for trial and that his

absence would not prejudice the defense. Petitioner argues that this ruling violated her Sixth Amendment Compulsory Process right, her Fourteenth Amendment Due Process right, and her rights under M.C.L. § 767.40a, which governs the endorsement of *res gestae* witnesses. At trial, the prosecution moved to excuse Gardner because of his precarious health status, and offered to present witnesses to testify to his inability to leave his home. *Smith*, 2013 WL 6670840 at *1. The appellate court affirmed the trial court's having found good cause—the applicable standard M.C.L. § 767.40a(4)—for removing Gardner from the witness list within thirty days of trial. *Id.*

Petitioner had presented to the trial court her assertions of what evidence Gardner would have provided, which she repeats in her petition: that the ownership and beneficiaries of the central family financial accounts pointed away from her having a motive for the crime and towards the inculpation of others in the attempted arson. *Id.* (*See also* Dkt. 1 at 27-28.) The trial court determined that Gardner's testimony was not crucial to the defense's case, as it was cumulative to other witnesses who were available to testify about the financial

accounts and its beneficiaries and assist in establishing the alternative motive theory. *Id.* The appeal court affirmed this decision and further determined that there was no prejudice to Petitioner, because the prosecutor showed good cause for Gardner's absence and three other witnesses were available. *Id.* Petitioner asserts that but for the trial court's decision to forego Gardner's testimony, the trial would have resulted in her not being found guilty on the charges of attempted arson and attempted murder. (Dkt. 1 at 27.)

### A. Compulsory Process

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have compulsory process for obtaining witnesses in his favor . . . ." U.S. Const. amend. VI. However, "more than mere absence of testimony is necessary to establish a violation of the right" to compulsory process. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). A violation of this right occurs "when the defendant was arbitrarily deprived of 'testimony [that] would have been *relevant* and *material*, and . . . *vital* to the defense.'" *Id.* (quoting *Washington v. Texas*, 388 U.S. 14, 16 (1967)). Petitioner

"must at least make some plausible showing of how [the excluded] testimony would have been both material and favorable to his defense." *Id.* Moreover, the decision to exclude the evidence must be "'arbitrary' or 'disproportionate' to the evidentiary purpose advanced by the exclusion." *Ferensic v. Birkett*, 501 F.3d 469, 475 (6th Cir. 2007) (citing *U.S. v. Scheffer*, 523 U.S. 303, 308 (1998); *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

The Michigan *res gestae* witness law, M.C.L. § 767.40a, governs the rules for creation and disclosure of endorsed witness lists and allows in part for the prosecutor to add or delete witnesses from the endorsed witness list at any time with leave of court and for good cause, or by stipulation of the parties. *People v. Perez*, 469 Mich. 415, 420 (2003); M.C.L. § 767.40a(4). Since an arbitrary or disproportionate application of M.C.L. § 767.40a(4) could result in the defense being denied the opportunity to present favorable testimony, decisions to remove a defense witness for good cause are reviewable under the Compulsory Process clause and the Due Process clause. *See Sueing v. McKee*, No. 1:08-CV-932, 2015 WL 6554450, at *36 (W.D. Mich. Oct. 29, 2015)

10

(citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Taylor v. Illinois*, 484 U.S. 400, 409 (1988); *Ferensic v. Birkett*, 501 F.3d 469, 475 (6th Cir. 2007)); *People v. Nguyen*, No. 314193, 2014 WL 2040043, at *1 (Mich. Ct. App. May 15, 2014), *appeal denied*, 497 Mich. 947, 857 N.W.2d 34 (2014), and *cert. denied sub nom. Duc Van Nguyen v. Michigan*, 135 S. Ct. 2811 (2015).  *See also Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense.")  "The right to present a defense, however, is not absolute." *Ferensic*, 501 F.3d at 475 (citing *Taylor*, 484 U.S. at 409 ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."))._[1]

---

[1] *But see Fike v. Trombley*, No. 2:07-CV-10868, 2010 WL 1286412, at *14 (E.D. Mich. Mar. 31, 2010), reasoning that abuse of the *res gestae* rule, M.C.L. § 767.40(a)(4), which allows additions and deletions to the endorsed witness with leave of court upon a showing of good cause, is excluded as a matter of state law from federal habeas review "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." (quoting *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 69-70 (1991))).

The trial court did not violate Petitioner's Compulsory Process right when it exercised its discretion to determine that the prosecutor had shown good cause for removing Gardner from the witness list. The appellate court determined that the prosecution had shown good cause for the inability of Gardner to appear, and the defense did not request to examine the witnesses offered to prove his disability. *Smith*, 2013 WL 6670840 at *1. Significantly, the trial court heard the arguments for what the defense hoped to derive from Gardner, and made findings that his testimony was not crucial to those defenses. *Id.* According to the appellate court, the trial court evaluated the same arguments that were presented on appeal, and also determined that the defense's motive theory could be established through the testimony of other witnesses with similar knowledge of the financial accounts. *Id.* The appellate court determined that there was no prejudice to the defense, and that she "was not deprived of the right to present her defense." *Id.*

In short, the reasoning employed by the last state court addressed the same arguments raised here and held that the excluded witness's

testimony was not relevant, material or vital to her defense. Additionally, Michigan courts may exclude relevant evidence that would be a "waste of time, or needless presentation of cumulative evidence." Mich. R. Evid. 403. Here, the trial court plainly determined, and the appellate court confirmed, that Gardner's testimony was cumulative and therefore its exclusion was justified by Rule 403. *See Gray v. Wolfenbarger*, 501 F. App'x 427, 429 (6th Cir. 2012) (citing the *Rock* Court's holding that state evidentiary rules, in the absence of prejudice to the defendant in the outcome of a criminal proceeding, do not offend the defendant's Sixth Amendment rights, 483 U.S. at 55-56). The reasoning was supported with the names of witnesses who could testify to the same information; therefore, the decision to exclude Garner was not arbitrary.

An additional problem with Petitioner's arguments is that she asserts that Gardner's testimony would have been favorable to her, even though the other witnesses with knowledge of the disputed financial accounts were not. However, Petitioner has provided no testimony or affidavits, let alone specific details as to the content of

13

Gardner's proposed testimony. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Poindexter v. Bauman*, No. 2:09-CV-12021, 2011 WL 3204755, at *9 (E.D. Mich. July 28, 2011) (finding no violation of the Sixth Amendment Compulsory Process right where the defense counsel provided no specifics or documentation regarding purportedly exculpatory witnesses) (citing *Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006)).

While the appellate court did not expressly cite Supreme Court precedent in its denial of Petitioner's appeal, "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent in determining that Petitioner's right to Compulsory Process was not violated at her trial. *See Early*, 537 U.S. at 8.

### B. Due Process

Petitioner also argues that the exclusion of Gardner as a witness deprived her of Due Process under the Fourteenth Amendment,

14

presumably by creating a fundamentally unfair trial. However, this assertion is also unavailing.

"Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Estelle v. McGuire,* 502 U.S. 62, 69–70 (1991)).

There is no fundamental unfairness of constitutional proportion revealed in the petition. In recounting the trial court record, the appellate court noted that defendant had an opportunity to question the witnesses who were able to testify that Gardner was too ill to appear in court. Additionally, the court named three endorsed witnesses who were able to provide similar testimony regarding the ownership and beneficiary interests of the financial accounts at the center of the dispute that led to the attempted arson and attempted murder. There is no showing that Gardner's testimony was material—that is, that it "could reasonably be taken to put the whole case in such a different

15

light as to undermine confidence in the verdict." *Cone v. Bell*, 556 U.S. 449, 470 (2009) (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)).

### C. State Law Claim

Petitioner's claim that the prosecutor violated the Michigan *res gestae* witness statute, M.C.L. § 767.40a, is also without merit. The alleged violation of Michigan's *res gestae* witness statute, aside from the constitutional implications discussed above, is a matter of state law, which is outside the scope of habeas corpus review. *Collier v. Lafler*, 419 F. App'x 555, 559-60 (6th Cir. 2011) ("Michigan's requirement that prosecutors produce *res gestae* witnesses is a matter of state law, and its enforcement is outside the scope of our review.").

## IV.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (citation omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

Dated: June 30, 2016                s/Judith E. Levy
     Ann Arbor, Michigan        JUDITH E. LEVY
                                                     United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2016.

                                     s/Felicia M. Moses
                                       FELICIA M. MOSES
                                       Case Manager